UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TIMOTHY DUANE MILLER #14904-040,

       Defendant.
_____/

Case No. 1:10-cr-106

HON. JANET T. NEFF

**OPINION**

This matter is before the Court on Timothy Duane Miller's timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 118), based on a claim of ineffective assistance of counsel for failing to file a direct appeal or challenge Miller's sentence. The Government has filed a Response (Dkt 124), contending that Miller waived both his right to appeal his sentence and his right to file a collateral attack, and that his ineffective assistance claim regarding an appeal is frivolous because Miller's factual assertions are plainly contradicted by the record. For the reasons stated by the Government, and based on the clear record in this case, the Court denies the motion to vacate.

**I. BACKGROUND**

Miller and three codefendants were charged with conspiracy to possess with intent to distribute and to distribute 50 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C). (Dkt 1, Indictment, Count One). The statutory penalties for the offense charged are a period of

imprisonment of not more than 20 years; at least 3 years and up to life on supervised release; a fine of up to $1,000,000, and a mandatory $100.00 special assessment (Govt. Resp. at 1-2). 21 U.S.C. § 841(b)(1)(C). Attorney Daniel R. Fagan was appointed to represent Miller.

On June 24, 2010, the Government filed a Motion to Revoke Miller's pretrial bond based on his use of marijuana while on bond (Govt. Resp. at 2; Dkt 33, Mot. to Revoke Bond). At a hearing on July 9, 2010, Miller admitted the bond violation, and his bond was changed to require his placement in CAP (Dkt 48, Minutes of Bond Revocation Hrg.).

On August 3, 2010, Miller entered into a Plea Agreement (Dkt 53), and on August 5, 2010, he pled guilty to Count One of the indictment as charged. Pursuant to the Plea Agreement, the Government agreed not to file a notice of sentence enhancement based on prior felony drug convictions that would have raised Miller's statutory penalty to a period of imprisonment of not more than 30 years (*id.* ¶¶ 4, 7A; Govt. Resp. at 2). While there was no agreement about the final guideline sentencing range, the Plea Agreement stated, "the parties anticipate that the Defendant will be scored as a career offender pursuant to the sentencing guidelines" (*id.* ¶ 9).

The Presentence Report (PSR) determined Miller's guideline calculation to be base offense level 20, pursuant to U.S.S.G. § 2D1.1, with no adjustments, resulting in total offense level of 20, criminal history category III, and an advisory guideline sentencing range of 41 to 51 months (Govt. Resp. at 3, citing PSR ¶¶ 63–72, 75–88). Miller missed being found to be a career offender by just months; however, acceptance of responsibility was not recommended due to his continued marijuana use while on bond (*id.* at 3, citing PSR ¶¶ 61, 69). The Probation Office identified his criminal history as a basis for an upward departure:

> Pursuant to U.S.S.G. § 4A1.3(a)(1), if reliable information indicates the defendant's criminal history category substantially under-represents the seriousness

of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted. As stated in the Criminal History Section of this report, Mr. Miller sustained additional controlled substance-related convictions which were not scored, including: Possession of Marijuana (1985), Possession of Cocaine (1991); and Delivery/Manufacturing of Marijuana (1998).

(*id.* at 3-4, citing PSR ¶ 131). The Probation Officer recommended an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1) and recommended a sentence of 60 months in prison (*id.* at 3, citing PRS at Addendum). Prior to sentencing, Miller objected to not receiving credit for acceptance of responsibility (*id.*).

On December 13, 2010, this Court imposed a sentence of 60 months in prison, 3 years of supervised release, no fine, and a $100 special assessment (Dkts 98, 104). Miller filed no notice of appeal to the Sixth Circuit Court of Appeals.

On April 4, 2011, Miller filed the instant collateral challenge to his sentence, despite his express waiver of appeal and collateral attack in his Plea Agreement, alleging ineffective assistance of counsel. Miller's ineffective assistance claim is based on his assertion that his counsel, Attorney Fagan, failed to file a direct appeal as Miller requested and otherwise failed to object to the sentencing Guidelines calculations and the upward departure, which Miller now asserts were improper.

## II. STANDARDS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant "'must demonstrate the existence of an error of

constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains or (2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine disputed issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (internal quotations omitted)).

For the reasons stated below, the record in this case conclusively shows that Miller is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### III. DISCUSSION

Pursuant to his Plea Agreement, Miller waived the right to challenge his sentence on direct appeal or in a collateral attack. Moreover, the record clearly establishes that Miller chose to forego

4

a direct appeal, contrary to his assertion in this motion. Miller's challenges otherwise are not properly raised in a § 2255 motion.

Miller's plea agreement contains an express waiver of appeal and collateral attack provision:

> 11. <u>Waiver Of Appeal And Collateral Attack By The Defendant</u>. The Defendant understands that the law affords the Defendant the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742. Nevertheless, as a matter of law, the Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender. The Defendant acknowledges that this waiver is in exchange for the substantial concessions made by the United States Attorney's Office in this plea agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel). This agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

(R.53, Plea Agreement ¶ 11.)

"[P]lea-agreement waivers of § 2255 rights are generally enforceable." *Davila v. United States,* 258 F.3d 448, 450 (6th Cir. 2001); *see also Watson v. United States,* 165 F.3d 486, 488-89 (6th Cir. 1999). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila,* 258 F.3d at 450 (citing *Town of Newton v. Rumery,* 480 U.S. 386, 393 (1987)). *See also United States v. Brice,* 373 F. App'x 561, 562 (6th Cir. 2010).

"[I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant

5

has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta,* 480 F.3d 421, 422 (6th Cir. 2007). However, "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila,* 258 F.3d at 451 (relying on *United States v. Wilkes,* 20 F.3d 651 (5th Cir. 1994)). Here, Miller does not challenge the validity of his plea or waiver, and it effectively forecloses the sentencing challenges he now raises.

Moreover, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). "Normally, sentencing challenges must be made on direct appeal or they are waived." *Id.* In any event, Miller's foremost claim, that he is entitled to challenge his sentence under § 2255 on the grounds of ineffective assistance of counsel, fails.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that the deficient performance prejudiced the defense so as to render the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Miller asserts that Attorney Fagan failed to file a direct appeal as Miller requested him to do, which Miller contends denied him the assistance of counsel altogether on appeal. Counsel's "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the

6

Sixth Amendment" regardless of whether the appeal would have been successful. *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998). Here, however, Miller's assertion is contrary to the record. Attorney Fagan has provided an affidavit stating that by letter dated December 17, 2010, he asked Miller if he wanted to appeal, and Miller indicated in writing on December 20, 2010, in Fagan's presence, that he did not wish to file an appeal, as follows:

> 9. At the conclusion of my representation, after sentencing, I wrote my client a letter in which I suggested that he might have an right to appeal as to an upward variance which the Judge did give from the Sentencing Guideline range of 41-51 months, to 60 months. However, I did opine that there would be very little likelihood that any appeal (if there had been one available) would have been successful.
>
> 10. I additionally wrote a letter to my client which I hand delivered which states in pertinent part, "Please let me know if you wish to take an appeal on this matter by selecting the appropriate box at the bottom of this letter, signing where indicated, and return to me." I attach that letter, dated December 17, 2010. (See, <u>Attachment B</u>.)
>
> 11. Timothy Miller, on December 20, 2010, did, himself, in his own hand and in my presence, date and sign the December 17, 2010 letter referenced above and attached hereto, and selected the box indicating that he did not wish to take an appeal from his case. (See, <u>Attachment B</u>.)
>
> 12. Mr. Miller had, as of completion of my representation of him after December 17, 2010, received a Sentence significantly better than we had anticipated at any time prior to sentencing and Mr. Miller emphatically indicated that he did not wish to appeal any issue or any part of his sentence.

(Govt. Resp., Dkt 124-1, Fagan Aff. ¶¶ 9-12.)

Attached to Attorney Fagan's Affidavit is a copy of the December 17, 2010 letter with Miller's signature and indication that he did NOT wish to appeal his case, dated December 20, 2010. This record conclusively shows that Miller's ineffective assistance claim based on Attorney Fagan's alleged failure to file an appeal is without merit. No evidentiary hearing is required on this issue. "[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo,* 178 F.3d at 782 (citation omitted).

To the extent Miller claims counsel was ineffective for failing to object to his sentencing or appeal on such grounds, his claims are either unsupported by the record or waived (*see* Fagan Aff. and Atts. A-B). Counsel cannot be found "ineffective" for failing to file a direct appeal when a defendant knowingly waived his right to appeal. *See Chapman v. United States,* 74 F. App'x 590, 593 (6th Cir. 2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation."); *see also Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986).

Accordingly, Miller's claims are without merit, and his motion to vacate his sentence is denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Miller. RULES GOVERNING § 2255 CASES, Rule 11. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

8

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The Court determines that this standard is not met because reasonable jurists could not find it debatable whether Miller waived his right to recourse under § 2255.

Similarly, with regard to a decision on the merits of a claim, to warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Miller's ineffective-assistance-of-counsel claims debatable or wrong.

As such, a certificate of appealability is DENIED.

An Order consistent with this Opinion will enter.

DATED: February 22, 2012  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge

9